**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                    Case No. 6:95-cr-208-Orl-19-2

**LUIS DIAZ**

_____

# ORDER

This case comes before the Court on the following:

1. Motion and Affidavit Pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("U.S.S.G.") Amendment 591 Seeking the Correction of an Unconstitutionally Imposed Sentence (Doc. No. 1110, filed Jan. 2, 2009);

2. Supplemental Authority to Defendant's Motion (Doc. No. 1114, filed Mar. 9, 2009);

3. Response of the United States to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 1116, filed Mar. 19, 2009); and

4. Reply of Defendant to the United States' Response (Doc. No. 1117, filed Apr. 7, 2009).[1]

**Analysis**

Defendant Luis Diaz was convicted of "Conspiracy to Possess with Intent to Distribute Heroin and Cocaine" in violation of 21 U.S.C. § 846. (Presentence Investigation Report ("PSR") ¶¶ 1-3.) At his sentencing on June 25, 1996, Defendant's base offense level was calculated to be

---

[1] Defendant's Reply constitutes an unauthorized additional memorandum under Local Rule 3.01(c) and will be disregarded in the following analysis.

36 based on his possession of 80 kilograms of cocaine and 9 kilograms of heroin.[2] (*Id.* ¶ 28.) Defendant received several enhancements to this base offense level for the possession of a firearm, for his prominent role in the conspiracy, and, pursuant to U.S.S.G. § 3B1.4, for involving a minor in the crime. (*Id.* ¶¶ 29-33.) After these enhancements, Defendant's adjusted offense level became 44, yielding a sentence of life imprisonment. (*Id.* ¶ 34; Judgment at 1.) Defendant has not received any reductions in sentence since his original sentencing.

On November 1, 2000, the United States Sentencing Commission adopted Amendment 591 to the Guidelines. In doing so, the Commission amended U.S.S.G. § 1B1.1(a) to require courts to apply the Chapter Two guideline section that is applicable to the offense of conviction rather than a different guideline section that was implicated by the conduct underlying the offense of conviction. U.S.S.G. sup. to app. C, vol. II 28-30 (2008). The Amendment became necessary after the Third, Sixth, and Eighth Circuit Courts of Appeal had concluded that the enhanced penalties in § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) applied in any case in which the defendant's relevant conduct included drug sales in a protected location or involving a protected individual. *Id.* at 29. The Eleventh Circuit, however, had correctly concluded that U.S.S.G. § 2D1.2 applies only in cases where the defendant was actually convicted of an offense related to that guideline. *Id.* (citing *United States v. Saavedra*, 148 F.3d 1311 (11th Cir. 1998)). Amendment 591 applies retroactively, and it essentially permits courts to correct a sentence that was imposed under the Third, Sixth, and Eighth Circuits' interpretation of U.S.S.G. § 1B1.1(a). *Id.* at 30. Defendant argues that this amendment mandates a reduction of his sentence,

---

[2] This mixed quantity of drugs was equivalent to 30,000 kilograms or more of marijuana for purposes of the Guidelines' drug equivalency table. (PSR ¶ 28.)

while the Government contends that the amendment does not apply because Defendant was not sentenced under U.S.S.G. § 2D1.2.

Section 3582(c) of Title 18 of the United States Code provides that a court "may not modify a term of imprisonment once it has been imposed," except that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The Sentencing Commission's policy statement concerning the application of 18 U.S.C. § 3582(c)(2) is set forth in U.S.S.G. § 1B1.10 and provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below,[3] the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). Subsection (a)(2) of this Guideline states that a sentence reduction "is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2)" if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B).

The Court clearly lacks jurisdiction under 18 U.S.C. § 3582(c)(2) to reduce Defendant's sentence because a reduction is not authorized by Amendment 591. Defendant contends that he was

---

[3] Amendment 591 is listed in subsection (c) of U.S.S.G. § 1B1.10.

erroneously sentenced under U.S.S.G. § 2D1.2, but the record demonstrates otherwise. Defendant's base offense level was calculated according to the drug quantity table found in § 2D1.1(c)(1). (PSR ¶ 28.) The Court did not rely on U.S.S.G. § 2D1.2 in any respect. (*See id.*; Judgment at 1.) Although Defendant received an enhancement under U.S.S.G. § 3B1.4 for involving a minor in his crime, the propriety of this enhancement is not addressed by Amendment 591. *See* U.S.S.G. § 3B1.4, cmt. 2 & "historical note." Accordingly, Amendment 591 does not apply, and the Court lacks jurisdiction under 18 U.S.C. § 3582(c)(2) to grant Defendant's Motion.

## Conclusion

Based on the foregoing, the Motion for Reduction of Sentence by Luis Diaz (Doc. No. 111, filed Jan. 2, 2009) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April 10, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Defendant
Attorney for the United States